UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENDELL NEAT,

                      Plaintiff,

           - against -

CITY OF NEW YORK,
POLICE OFFICER IVAN RODRIGUEZ,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,

                      Defendants.
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Plaintiff, KENDELL NEAT, by his attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, KENDELL NEAT, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about May 10, 2013, at approximately 3:30 p.m., at or near the intersection of 131st Street and Fifth Avenue in the County, City and State of New York, Plaintiff was falsely arrested and assaulted by Defendants including, but not limited to, POLICE OFFICER IVAN RODRIGUEZ and POLICE OFFICER JOHN DOE(S) #'S 1-3. It is alleged that Defendants falsely arrested Plaintiff, used excessive force in effectuating his arrest, illegally strip-searched him and maliciously prosecuted claims against him in violation of his constitutional rights.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3.  Plaintiff, KENDELL NEAT, at all times relevant hereto resided in New York County, specifically 12 West 132nd Street, in the City and State of New York.

4.  Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.  Defendant, POLICE OFFICER IVAN RODRIGUEZ (Tax ID: 937406) was an NYPD police officer, and at all relevant times hereto, acted in that capacity as an agent, servants and/or employee of Defendant CITY and within the scope of their employment.

6.  Defendants, POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-3 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

7.  At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

8. On or about May 10th, 2013, at approximately 3:30 p.m., Plaintiff, KENDELL NEAT ("NEAT"), was leaving a tattoo parlor near 125th and Lenox Avenue headed towards a grocery store located near his home at 12 West 132nd Street.

9. While walking near the intersection of 132nd Street and Lenox Avenue, NEAT saw someone he knew from the area, greeted him and kept walking towards the grocery store.

10. Defendants, POLICE OFFICER IVAN RODRIGUEZ and POLICE OFFICER JOHN DOE(S) #'S 1-3 of Defendant CITY, arrived at or near the location in plain clothes and slammed NEAT on the ground causing injury.

11. Plaintiff, KENDELL NEAT, asked Defendants what he was being arrested for and he was told "possession" and they began placing him in handcuffs and putting his personal items in an envelope.

12. NEAT was taken to the police precinct and strip-searched, at which time he requested medical attention for his back that was injured during the arrest.

13. NEAT was held for about seven (7) hours at the police precinct before he was brought to Central Booking.

14. NEAT pled not guilty to the criminal charges and because he could not make bail of $2,500, he was remanded to the "Tombs" for approximately seven (7) days.

15. NEAT was released after that date and was forced to make approximately three (3) more court appearances before all charges were dismissed.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

3

16. Paragraphs 1 through 15 of this complaint are hereby re-alleged and incorporated by reference herein.

17. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately seven (7) hours.

18. That in detaining Plaintiff for approximately seven (7) hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

19. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

20. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

21. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

22. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the

Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

23. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

24. Paragraphs 1 through 23 are hereby re-alleged and incorporated by reference herein.

25. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest him.

26. That Defendants intended to confine Plaintiff.

27. That Plaintiff was conscious of the confinement and did not consent to it.

28. That the confinement was not otherwise privileged.

29. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

30. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

31. Paragraphs 1 through 30 are hereby re-alleged and incorporated by reference herein.

32. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

33. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

34. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

35. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

36. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

37. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

38. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

39. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

40. That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

41. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff,

agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

42. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

44. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

45. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference herein.

46. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

47. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

48. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

49. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

50. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

51. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

52. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

53. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

54. Paragraphs 1 through 53 are hereby re-alleged and incorporated by reference herein.

55. That Defendants intended to cause harmful bodily contact to Plaintiff.

56. That Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

57. That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

58. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

59. Paragraphs 1 through 58 are hereby re-alleged and incorporated by reference herein.

8

60. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

61. That the criminal matter against Plaintiff was terminated in his favor and the court dismissed the case by motion of the District Attorney on December 5, 2013.

62. That there was no probable cause for the arrest and criminal proceeding and Defendant Police Officers failed to even testify before the Grand Jury in this case even though they initially charged him with a felony.

63. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

64. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

65. That upon information and belief it was the policy and /or custom of Defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

66. That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not

9

be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

67. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

68. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

69. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

70. Paragraphs 1 through 69 are hereby re-alleged and incorporated by reference herein.

71. That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

72. That the criminal matter has been dismissed in Plaintiff's favor.

73. That there was no probable cause for the arrest and criminal proceeding.

74. Defendants knew or should have known that there was no likelihood of a conviction of Plaintiff.

75. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of

Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

76. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to §1983 (ILLEGAL STRIP SEARCH)

77. Paragraphs 1 through 76 are hereby re-alleged and incorporated by reference herein.

78. That Defendants gave Plaintiff a cavity strip-search in the police precinct bathroom of absent a requisite reasonable suspicion that Plaintiff was concealing weapons and/or contraband.

79. That Defendants acted unreasonably when they subjected Plaintiffs to a cavity strip-search upon failing to find any amount of drugs or contraband on him at the time of arrest.

80. That by reason of Defendants acts and omissions, and there being no legally sufficient cause to strip-search NEAT, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

## XIII. NINTH CAUSE OF ACTION
### Pursuant to State Law (ILLEGAL STRIP SEARCH)

73. Paragraphs 1 through 72 are hereby re-alleged and incorporated by reference herein.

74. That Defendants gave NEAT a cavity strip-search absent a requisite reasonable suspicion that NEAT was concealing weapons and/or contraband.

75. That Defendants strip searched NEAT absent a requisite reasonable suspicion that he was concealing weapons and/or contraband.

76. That Defendants had no legally sufficient cause to strip search NEAT. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of NEAT'S rights, subjected him to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

## XIV. TENTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

77. Paragraphs 1 through 76 are hereby re-alleged and incorporated by reference herein.

78. That at all times, all Defendants were acting within the scope of their employment.

79. That Defendant CITY was able to exercise control over Defendant Officers' activities.

80. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

81. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and

will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from May 10, 2013; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
April 21, 2014

Yours, etc.

JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## **ATTORNEY'S VERIFICATION**

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, KENDELL NEAT. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:     New York, New York
           April 21, 2014

                                                    _____
                                                    JUSTIN M. ROPER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENDELL NEAT,

                            Plaintiff,

– against –

CITY OF NEW YORK, ET AL.

                            Defendants.

## SUMMONS & VERIFIED COMPLAINT

                        NASS & ROPER LAW, LLP
                        *Attorneys for Plaintiff*
                           KENDELL NEAT
                    14 Penn Plaza, Suite 2004
                  New York, New York 10122
                          (718) 775-3246
                      Fax: (718) 775-3246*

---

* Not for service of papers.